UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASEN MAHMOUD AHMED,<br>Petitioner,<br>v.<br>WARDEN OF CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-8192 TLN AC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends that the petition be granted in part, petitioner be immediately released, and respondents be enjoined from re-detaining petitioner absent pre-deprivation procedures.

////

////

////

////

////

I. Factual Background[1]

Petitioner, Yasen Mahmoud Ahmed,[2] is a Sudanese national who entered the United States on or about January 6, 2024, and was apprehended by the Department of Homeland Security ("DHS"). ECF No. 1 (Verified Petition) at pp. 2 & 10 (¶¶ 1, 2, 33, 34). DHS issued a Notice to Appear ("NTA"), placing petitioner in full removal proceedings under section 240 of the Immigration and Nationality Act ("INA") and released petitioner on parole. Id. (¶¶ 3, 34).

While released on parole, petitioner diligently complied with the requirements imposed by Immigration and Customs Enforce ("ICE") and the immigration court. Id. at pp. 4, 11-12 (¶¶ 4, 37, 44). He applied for classification as a Special Immigration Juvenile ("SIJS") with United States Citizenship and Immigration Services ("USCIS") and for asylum with the immigration court. Id. at pp. 3 & 11 (¶¶ 6, 7, 40, 41). Petitioner has no criminal history. Id. at pp. 3, 11-12 (¶¶ 5, 38, 44).

Despite all of this, on or about September 4, 2026, ICE officers re-detained petitioner without notice and a pre- or post-deprivation hearing. Id. at pp. 4, 12-14 (¶¶ 8, 45, 46, 48, 49, 53, 54). Once in custody, petitioner requested and was scheduled for a bond hearing. Id. at p. 4 (¶ 11). However, the bond hearing was cancelled because petitioner was transferred to the California City Immigration Processing Center right before the hearing. Id. (¶¶ 9-11). Petitioner has not received a bond hearing. Id. at 5 & 14 (¶¶ 13, 52, 55, 56).

II. Procedural History

Petitioner, through counsel, filed a petition for writ of habeas corpus asserting that (1) his detention without a pre- and/or post-deprivation hearing violates his procedural due process rights, and (2) his detention without justification violates his substantive due process rights under the Fifth Amendment Due Process Clause. Id. at pp. 15-19 (¶¶ 1-21); see ECF No. 5.

The undersigned issued a minute order noting that this court has previously addressed

---

[1] Because respondents did not deny petitioner's factual allegations in response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

[2] Neither party provides petitioner's A number.

procedural due process claims like petitioner's in Wistong F. v. Immigration and Customs Enforcement, No. 1:26-cv-3399 TLN DMC, 2026 WL 1361794 (E.D. Cal. May 15, 2026), Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D. Cal. Apr. 1, 2026), M.A. G.V. v. Warden, California City Det. Facility, No. 1:26-cv-6356 TLN SCR, 2026 WL 2516864 (E.D. Cal. Aug. 26, 2026), Ramirez Godinez v. Warden of California City Det. Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251 (E.D. Cal. Aug. 21, 2026), findings and recommendations adopted in 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026). ECF No. 5. The minute order also directed respondents to file a response, "which shall substantively address whether there are any factual or legal issues that materially distinguish it from the court's prior orders in Wistong F., Mohammad S.,[3] M.A. G.V., Ramirez Godinez, and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." Id. The undersigned warned that "the court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

The minute order also ordered that the response "shall include petitioner's Form I-213 for each immigration encounter, any orders of release or detention, any custody warrants, notices, or decisions, any Notices to Appear, and if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts" and provided petitioner with an opportunity to file a reply. Id.

Respondents filed a response. ECF No. 6. Petitioner did not reply. The case is deemed submitted.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano

---

[3] Reference to Z.Z. was inadvertently left out in this part of the minute order. However, because the minute order cited Z.Z. along with Wistong F., Mohammad S., M.A. G.V., Ramirez Godinez and directed respondents to address whether there were any material distinctions between those cases "and other similar cases previously decided by this court," respondents were sufficiently on notice that they were directed to substantively distinguish from Z.Z.

v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

Respondents filed a three-sentence response to the petition and this court's minute order. ECF No. 6. The response: (1) "maintain[s] the position that 8 U.S.C. § 1225(b)(2)(A) governs" petitioner's detention; (2) acknowledges Rodriguez Vazquez v Bostock, 183 F.4th 1160 (9th Cir. 2026) "holds that 8 U.S.C. § 1226(a) governs Petitioner's detention[;]" and (3) asserts that pursuant to Rodriguez Vazquez, "Petitioner is [ ] entitled to seek a custody redetermination hearing before an immigration judge." Id.

As an initial matter, respondents' reliance on Rodriguez Vazquez—a case involving a statutory challenge to detention—is misplaced. As noted above, petitioner asserts substantive and procedural due process claims under the United States Constitution. Rodriguez Vazquez does not address these claims and is therefore irrelevant to this action.

Next, respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Wistong F., Mohammad S., Z.Z., and M.A. G.V. or any other similar cases previously decided by this court. Pursuant to the court's prior order, the court construes respondents failure to distinguish from these cases as a concession that the cases are not substantively distinguishable.[4]

[4] Respondents also failed to distinguish this case from Ramirez Godinez. However, because Rodriguez Godinez did not involve a prior release and re-detention or a prior decision not to

In Wistong F., Z.Z. and Mohammad S., the court found that the noncitizen's prior release—on humanitarian parole, own recognizance, or conditional parole—created a liberty interest in his continued freedom from detention and that such liberty interest could only be deprived under the Fifth Amendment Due Process Clause *after* notice and a hearing before a neutral decisionmaker. Wistong F., 2026 WL 1361794, at *2-4 (release on humanitarian parole); Z.Z., 2026 WL 890476, at *3-4 (release on recognizance); Mohammad S., 2026 WL 480095, at *3-5 (release on conditional parole). In M.A. G.V., the court found that when "'the Government ha[s] made a decision not to detain' a noncitizen after the filing of an application for immigration benefits, 'this decision vest[s] the same liberty interest as a prior detention and release.'" M.A. G.V., 2026 WL 2516864, at *2 (quoting Gagik T. v. Chestnut, No. 1:26-cv-4337 MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026)). The court similarly found that, unless there was a valid reason why a pre-deprivation hearing could not be held—which respondents had not identified—due process required notice and a pre-deprivation hearing before an immigration judge. Id. at *3. In Wistong F., Z.Z., Mohammad S., and M.A. G.V., the court ordered petitioner's release from custody and issued an injunction against re-detention absent pre-deprivation procedures. Wistong F., 2026 WL 1361794, at *4; Z.Z., 2026 WL 890476, at *5; Mohammad S., 2026 WL 480095, at *1, 5; M.A. G.V., 2026 WL 2516864, at *3, findings and recommendations adopted in 2026 WL 2588384 (E.D. Cal. Aug. 31, 2026).

Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Wistong F., Z.Z., Mohammad S., and M.A. G.V. and finds that petitioner's re-detention without notice and a hearing before a neutral adjudicator to justify his re-detention violates due process. Here, petitioner was released just like the noncitizens in Wistong F., Z.Z. and Mohammad S.. Moreover, in this case ICE also made a decision not to detain petitioner after he filed his

---

detain, like Wistong F., Mohammad S., Z.Z., and M.A. G.V., and the undersigns recommends granting the petition based on those cases, no further discussion of Ramirez Godinez is necessary. See Ramirez Godinez, 2026 WL 2455251 (finding that a noncitizen who resided in the United States for 26 years with no prior encounters with immigration officers had a due process right to the procedures outlined in 28 U.S.C. § 1226).

application for immigration benefits, as was the case in M.A. G.V. Under these facts, petitioner has a liberty interest in his continued freedom, which should not have been deprived, absent urgent circumstances, without notice and a pre-deprivation hearing before a neutral adjudicator. Because these procedures were not afforded, the petition should be granted on petitioner's procedural due process claim.

Because relief is appropriate on this claim, the court declines to address petitioner's other claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release and an injunction against re-detention without pre-deprivation procedures).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED on his Fifth Amendment procedural due process claim as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner PABLOE DARINAL RODRIGUEZ PEREZ, A 222-597-463, with the same conditions he was subject to immediately prior to his detention on September 4, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating, by clear and convincing evidence, that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.
    d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal
2. In the interest of judicial economy, all other claims be dismissed without prejudice.

3. Within three days from an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his September 4, 2026, detention.

4. The Clerk of the Court be directed to enter judgment for petitioner, serve a copy of this Order on California City Immigration Processing Center, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE